UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF JOHN BALLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:18-cv-00816 |
| vs. | ) |
| | ) Judge Michael R. Barrett |
| PLUMBERS, PIPE FITTERS & MES | ) |
| LOCAL UNION NO. 392 PENSION FUND, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Plumbers, Pipe Fitters & Mechanical Equipment Service, Local Union No. 392's Motion to Dismiss. (Doc. 4). Plaintiff Estate of John Balli has filed a memorandum in opposition (Doc. 5), to which Defendant has replied (Doc. 6). For the reasons that follow, Defendant's Motion will be GRANTED.

**I.    Introduction**

On November 20, 2018, Plaintiff ("the Estate") filed a single count Complaint against Defendant ("the Pension Fund") alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1). Specifically, the Estate sues under 29 U.S.C. §§ 1132(a)(1)(B), (a)(2), and (a)(3) for monetary and equitable relief. (*Id.* ¶ 3 at PageID 2).[1] The Estate seeks monetary damages in excess of $142,000.00, punitive damages, and attorney's fees from the Pension Fund. (*Id.* at PageID 3). The Pension Fund filed a Rule 12(b)(6) Motion to Dismiss the Estate's Complaint on January 21, 2019. (Doc. 4). It contends that the Complaint is time-barred

---

[1] As explained *infra* in the Analysis section of this Opinion and Order, the Estate concedes that there has been no violation of the Pension Plan Document and thus proceeds only under 29 U.S.C. § 1132(a)(3) to "enforce any provisions of this [ERISA] subchapter." (*See* Doc. 5 at PageID 105–06).

1

because it was filed approximately ten months after the time period established in the Pension Plan Document. (*Id.* at PageID 18–19). It further contends that, even if the Complaint was timely filed, the Pension Fund properly denied the Estate's appeal for a Death Benefit based on controlling provisions within the Pension Plan Document. (*Id.* at PageID 19–21).

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

**III.   Background/Facts**

The Estate alleges that it requested that the Pension Fund "remit the vested benefits" to it or to Charles Balli, the "named beneficiary of John Balli's death benefit." (Doc. 1 ¶ 13 at PageID 3). Inasmuch as the Pension Fund "failed and refused to remit Plaintiff's vested benefits[,]" the Estate accuses the Pension Fund of "willful and malicious conduct" in violation of ERISA. (*Id.* ¶¶ 14–15). The Estate did not attach to its Complaint either the Pension Fund's October 26, 2017 letter denying benefits or the Pension Plan Document upon which the Pension Fund relied in

2

making its determination. Both were attached to the Pension Fund's Motion, however, and the Court will consider them as they are "central" to the Estate's claim.[2]

John Balli died on May 28, 2017. His brother Charles applied for a Death Benefit, which was denied initially and on appeal to the Board of Trustees for the Pension Fund. In a letter addressed to Charles and dated October 26, 2017, Administrative Manager Rinda Hoffman explained the Board's reasons for the denial. That letter reads in pertinent part:

> As you know, John Balli was a vested participant in the Plan. The Fund Office denied your claim because the participant was not an Active Participant under the Plan at the time of his death. As a result, no death benefit is payable.
>
> You requested an appeal of this initial claim denial pursuant to the Plan's claim and appeal procedures. . . . On September 28, 2017, the Board reviewed your claim and considered the information submitted in your appeal and the terms of the Plan.
>
> Section 7.02 of the Plan provides the eligibility rules for death benefits as follows:
>
> > (A) A Death Benefit is payable upon the death of an Active Participant who is not eligible for a Qualified Preretirement Survivor Annuity under Section 7.01. Such Participant is eligible regardless of his vested status as long as he is an Active Participant under Section 1.02. The amount of the Death Benefit is determined under Section 7.03(A).
> >
> > (B) A Participant who retires without a joint and survivor annuity is eligible for a Death Benefit as determined under Section 7.03(B).
> >
> > (C) A Participant who retires with a joint and survivor annuity is eligible for a Death Benefit as determined under Section 7.03(C).

---

[2] On a Rule 12(b)(6) motion, a district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case **and exhibits attached to defendant's motion to dismiss** so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation and citation omitted) (emphasis added). The ability of the court to consider supplementary documentation has limits, however, in that it must be "clear that there exist no material disputed issues of fact concerning the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir. 2012) (internal quotation and citation omitted).

> (D) Under no circumstances will there be a duplication of survivor benefits and Death Benefits under this Plan.
>
> John Balli was **not retired** when he passed away. As a result, **eligibility** for death benefits is **determined under (A) above which requires the participant to be an 'Active Participant'** as defined in the Plan. Section 1.02 of **the Plan defines 'Active Participant' as any Participant** who continues to accrue Pension Credits in accordance with Article II of this Plan and **who has not suffered a One-Year-Break in Service** as described in the Plan. According to Fund Office records, **John Balli suffered a One-Year-Break in Service during the Plan Year June 1, 2009 through May 31, 2010.** As a result, he was not an Active Participant as defined under the Plan on the date of his death.
>
> In the appeal form you submitted, you state that it is unfair that the participant receives no death benefit because he is not married and not an active participant. While the Trustees sympathize with your situation, they have an obligation to administer the terms of the Plan as written. Accordingly, **because he was not an Active Participant at the time of his death, no death benefit is payable on the participant's behalf.** Therefore, based on a review of the terms of the Plan, the Board unanimously voted to deny your claim on appeal.

(Doc. 4-1 at PageID 26–27 (emphases added)). Hoffman further advised Charles that, while no further appeals were permitted under the terms of the Plan, he had "the right to bring a civil action under Section 502(a) of ERISA **within 90 days of the date of this letter**." (*Id.* at PageID 27 (emphasis added)).

The Estate did attach to its Complaint a Pension Fund accounting dated May 31, 2015. (Doc. 1 at PageID 5–6). That statement reflects a "Total Death Benefit to 5/31/2015" in the amount of $142,374.71. (*Id.* at PageID 6). It advises, "You [John Balli] have a Vested Right to the Accrued Benefits shown above. **When you reach retirement age**, you must apply to the Administration Office for your pension to start." (*Id.* (emphasis added)). Charles James Balli, brother, is listed as John's current beneficiary. (*Id.*).

4

## IV. Analysis

As recited earlier, the Pension Fund contends the Complaint is time-barred because it was filed after the time period established in the Pension Plan Document. Section 14.05 of the Plan Document provides in relevant part, "In the event an appeal has been denied, **no legal action can be brought** with respect to a claim under the Plan **after 90 days from the decision on appeal**." (Doc. 4-2 at PageID 90 (emphasis added)). The Estate was clearly informed of this deadline in the October 26, 2017 letter from Rinda Hoffman to Charles Balli. (*See* Doc. 4-1 at PageID 27). There appears to be no question that this civil action, commenced on November 20, 2018, was filed some thirteen months after the October 26, 2017 decision on appeal, substantially beyond the 90-day limitations period. The Estate concedes this point. (*See* Doc. 5 at PageID 104–05).

The Pension Fund further contends that, even if the Complaint had been timely filed, it properly denied the Estate's appeal for a Death Benefit based on controlling provisions within the Pension Plan Document. To receive a Death Benefit, one must be an "Active Participant," meaning a Participant who has not suffered a "One-Year Break in Service." Yet John Balli, who died in May 2017, last worked under the Plan during the 2008-2009 Plan Year; consequently, he suffered a "One-Year Break in Service," rendering him—and thus his estate—ineligible for a Death Benefit. The Estate also concedes this point. (*Id.*).

The Estate counters that it seeks return of John Balli's *employee* contributions to the Plan, a claim independent of whether it is entitled to a Death Benefit. (*See* Doc. 1 ¶ 8 at PageID 2 ("During his time as a member of The Union, John Balli was a participant in and made contributions from his wages to an account in his name in The Pension Fund.")). It relies on the May 31, 2015 accounting Balli received more than two years prior to his death, which reported a "Total Death Benefit" to date of $142,374.71 and contained the advice that he had a "Vested Right

5

to the Accrued Benefits shown [ ]." The Estate seeks return of these "self-made contributions" under 29 U.S.C. § 1053(a)(1), which reads:

> **(a) Nonforfeitability requirements**
>
> Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of his normal retirement age and in addition shall satisfy the requirements of paragraphs (1) and (2) of this subsection.
>
>> **(1)** A plan satisfies the requirements of this paragraph if an employee's rights in his accrued benefit derived from his own contributions are nonforfeitable.

The Estate contends that the Pension Fund does not dispute "that the money sought by Plaintiff is the result of contributions made out of Balli's wages." (Doc. 5 at PageID 105). In the absence of any such challenge, the contributions are nonforfeitable and the Estate can pursue their recovery in "equity." (*Id.* at PageID 105–06).

Not so, according to the Pension Fund. As foundation, the Pension Fund replies that it is a "defined benefit plan"—as opposed to a "defined contribution plan"—and is funded exclusively by *employer* contributions.[3] (Doc. 6 at PageID 108). It is "widely known" that defined benefit retirement plans are funded by employers, and, in support, the Pension Fund refers the Court to a publication by the Employee Benefits Security Administration of United States Department of Labor. *See* FAQs about Retirement Plans and ERISA https://www.dol.gov/sites/default/files/ebsa/about-ebsa/our-activities/resource-center/faqs/retirement-plans-and-erisa-compliance.pdf (last visited May 17, 2019). That publication indeed confirms that a "defined benefit plan" is funded exclusively by the employer,

---

[3] Confirming this designation, the Preamble to the Pension Plan Document begins, "This is a multi-employer, collectively bargained, **defined benefit pension plan** which was adopted June 1, 1961, pursuant to an Agreement and Declaration of Trust of the same date." (Doc. 4-2 at PageID 33 (emphasis added)). Also, the cover letter that accompanied the May 31, 2015 accounting (on which the Estate relies) refers to contributions made to the Fund "on your behalf," not contributions made to the fund *by you*. (Doc. 1 at PageID 5).

6

in contrast to a "defined contribution plan," which can be funded *by both employer and employee*.[4] As proof of its status, the Pension Fund directs the Court to its annual Form 5500 filing (fiscal year beginning 06/01/2017 and ending 05/31/2018), publicly available[5] at https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/form-5500, which verifies that it is defined benefit plan funded exclusively by employer contributions.

The Court is satisfied that the Pension Fund is indeed a "defined benefit plan," and notes that the Estate did not challenge this designation through a sur-reply. The Court is further satisfied, based on a plain reading of the statutory language, that Section 1053(a)(1) does *not* apply to a "defined benefit plan" based on its reference to *employee* contributions. Rather, Section 1053(a)(2) governs "defined benefit plans." In either instance, however, nonforfeitability attaches only *after* the employee attains "normal retirement age." *See* 29 U.S.C. § 1053(a) ("Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable **upon the attainment of normal retirement age** and in addition shall satisfy the requirements of

---

[4] The publication explains a "defined benefit plan" as follows:

> **A defined benefit plan, funded by the employer,** promises you a specific monthly benefit at retirement. The plan may state this promised benefit as an exact dollar amount, such as $100 per month at retirement. Or, more often, it may calculate your benefit through a formula that includes factors such as your salary, your age, and the number of years you worked at the company. For example, your pension benefit might be equal to 1 percent of your average salary for the last 5 years of employment times your total years of service.

(Emphasis added.) It differentiates a "defined contribution plan," clarifying:

> A **defined contribution plan**, on the other hand, does not promise you a specific benefit amount at retirement. Instead, **you and/or your employer contribute money to your individual account in the plan**. In many cases, you are responsible for choosing how these contributions are invested, and deciding how much to contribute from your paycheck through pretax deductions. Your employer may add to your account, in some cases by matching a certain percentage of your contributions. . . .

(Emphasis added.)

[5] *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (courts may consider "public records" without converting a Rule 12(b)(6) motion into one for summary judgment), *abrogated on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

paragraphs (1) and (2) of this subsection." (emphasis added)).  And there is *no* allegation in the Complaint that John Balli attained "normal retirement age" prior to his death in May 2017.

To summarize, in light of the Estate's concessions regarding the limitations period and ineligibility for a Death Benefit, it has no claim against the Pension Plan pursuant to 29 U.S.C. § 1132(a)(1).  And because the Pension Plan is a defined benefit plan to which John Balli could not have legally contributed, the Estate has no claim against the Pension Plan pursuant to 29 U.S.C. § 1132(a)(3) to enforce a purported violation of 29 U.S.C. § 1053(a)(1).  Accordingly, the Estate fails to state a claim upon which relief can be granted.  Dismissal of the Complaint in its entirety is appropriate.

## V. Conclusion

For the reasons just expressed, Defendant Plumbers, Pipe Fitters & Mechanical Equipment Service, Local Union No. 392's Motion to Dismiss (Doc. 4) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Michael R. Barrett\_\_\_\_
Michael R. Barrett, Judge
United States District Court